1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9

10   ASHISH JOBANPUTRA, et al.,        No.  2:24-cv-01428-JAM-SCR

11             Plaintiffs,

12        v.                           **ORDER GRANTING DEFENDANTS'**
                                       **MOTION TO DISMISS**
13   CITY OF ANDERSON, et al.,

14             Defendants.

15

16                      INTRODUCTION OF CASE

17        Before this Court is the City of Anderson's ("the City") and

18   Anderson Fire Protection District's (collectively, "Defendants")

19   motions to dismiss the First Amended Complaint ("FAC") by Ashish

20   Jobanputra, Manish Thakkar, and Classic Hospitality, LLC

21   (collectively, "Plaintiffs").  See ECF Nos. 17 and 18.

22   Plaintiffs filed an opposition.  See Opp'n, ECF No. 28.

23   Defendants replied.  See Reply Briefs, ECF Nos. 31 and 32.  For

24   the following reasons, the Court GRANTS Defendants' motions to

25   dismiss.[1]

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for November 19, 2024.

1          I.   FACTUAL ALLEGATIONS

2          This case concerns a red-tagging incident which led to the

3    closure of a hotel undergoing construction.  In 2019, Plaintiffs

4    purchased the Baymont Inn and Suites hotel property ("the

5    property") in Anderson, California with the intention of

6    renovating the hotel to increase its value and profitability.

7    Compl. ¶ 18.  According to Plaintiffs, the hotel was a

8    "dilapidated, dangerous" structure in need of serious

9    maintenance.  Id.  Soon after purchase, Plaintiffs obtained

10   necessary documentation and permitting to begin renovations,

11   which occurred without incident over the next few years into

12   2021.  See generally, Compl. ¶¶ 19-23.

13         However, Plaintiffs allege that in March of 2022, the

14   relationship between Plaintiffs and the City became strained when

15   the City's new building inspector demanded additional documents

16   and permits for the second phase of the remodel.  See Compl.

17   ¶ 25.  Plaintiffs' engineers submitted new documentation in April

18   2022, but the City was unsatisfied, which "caus[e]d delays for

19   the remodeling."  See Compl. ¶ 28.  Ultimately, this led to an

20   inspection by the fire marshal and subsequent red-tagging of the

21   hotel property for "unsafe conditions" on May 17, 2022.  See

22   Compl. ¶ 31, 32.  Two years and three days after the hotel

23   property was red-tagged, Plaintiffs filed a complaint under 42

24   U.S.C. § 1983, alleging two causes of action under the Fourteenth

25   Amendment's due process and equal protection guarantees.  See

26   Compl., ECF No. 1.

27   ///

28   ///

1                              II.   OPINION

2        A.   Analysis

3             1.   Legal Standard

4        A Rule 12(b)(6) motion challenges the sufficiency of a

5   complaint for "failure to state a claim upon which relief can be

6   granted."  Fed. R. Civ. P. 12(b)(6).  Under the plausibility

7   pleading standard set forth in Twombly, 550 U.S. 544, 570

8   (2007), a plaintiff survives a motion to dismiss by alleging

9   "enough facts to state a claim to relief that is plausible on

10  its face."  At the Rule 12(b)(6) stage, the Court must accept

11  all nonconclusory factual allegations of the complaint as true

12  and construe those facts and the reasonable inferences that

13  follow in the light most favorable to the Plaintiff.  Id.; see

14  also Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

15  However, legally conclusory statements, not supported by actual

16  factual allegations, need not be accepted.  Ashcroft v. Iqbal,

17  556 U.S. 662, 678-79 (2009).  In the event dismissal is

18  warranted, it is generally without prejudice, unless it is clear

19  the complaint cannot be saved by any amendment.  See Sparling v.

20  Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

21            2.   Timeliness of Plaintiffs' Claims

22       Defendants argue that Plaintiffs' claims are time-barred

23  because Plaintiffs filed their complaint three days after the

24  statute of limitations had accrued.  See ECF No. 18 at 7.  In

25  support of their argument, Defendants cite RK Ventures, Inc. v.

26  City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002), which held

27  that a § 1983 statute of limitations period commences when a

28  city makes an "operative decision" to take action.  In response,

1  Plaintiffs do not raise any tolling arguments but instead argue
2  that their filing is timely because the statute of limitations
3  is measured at "completion" of the red-tagging or when final
4  action had occurred.  See Opp'n, ECF No. 25 at 2-3.

5      The applicable statute of limitations for a cause of action
6  under § 1983 is the statute of limitations established by the
7  forum state for personal injury torts.  Wallace v. Kato, 549
8  U.S. 384, 387 (2007); see also Lukovsky v. City & Cnty. of San
9  Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008).  In California,
10 the relevant statute of limitations is two years.  Cal. Civ.
11 Proc. Code § 335.1.  For § 1983 claims in particular, a statute
12 of limitations begins to run when the cause of action accrues,
13 which is when the plaintiffs know or have reason to know of the
14 injury that is the basis of their action.  Cabrera v. City of
15 Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).

16     Because Plaintiffs repeatedly allege in their complaint
17 that on May 17, 2022, city and fire officials red-tagged the
18 hotel property, "effectively shutting down the business and
19 forcing the immediate eviction of all guests, workers, and
20 employees," the Court finds that Plaintiffs knew or should have
21 known that a constitutional violation occurred on May 17, 2022
22 and that the two-year statute of limitations period for their
23 § 1983 claims began to accrue on that date.  Compl. ¶ 45.
24 Regardless of the successive actions the City or fire department
25 took, the "operative decision" to shut down the hotel property
26 occurred when the inspectors and fire marshal ordered the
27 immediate eviction of all guests, workers, and employees on May
28 17, 2022.

1    Plaintiffs attempt to artificially extend the statute of
2    limitations period by contending that hotel guests continued to
3    be evacuated on the morning of May 18, 2022, that the City did
4    not provide an official notice of reasons for the red-tagging
5    until May 18, 2022, and that a ruling rescinding the red-tagging
6    occurred on June 10, 2022.  However, none of these facts are
7    alleged in the First Amended Complaint and instead appear for
8    the first time in Plaintiffs' opposition papers.  Even if the
9    Court were to assume these unalleged facts and credit
10   Plaintiffs' arguments, the Ninth Circuit's holding in RK
11   Ventures, Inc. v. City of Seattle is clear that subsequent
12   actions falling within the limitations period which are merely
13   the "effect of [the initial] decision" do not constitute
14   separately unconstitutional acts.  RK Ventures, Inc., 307 F.3d
15   at 1058.  It follows that any actions resulting from the initial
16   evacuation and red-tagging are simply the natural consequences
17   of the City's decision to temporarily close the hotel property
18   and do not counteract the fact that the City's alleged
19   unconstitutional action took place the day they ordered the
20   hotel to shut down.  Plaintiffs make no attempt to distinguish
21   RK Ventures, Inc., which clearly mandates the result in this
22   case.

23   While Plaintiffs' filing is only a few days past the
24   statute of limitations period, as Defendants point out, claims
25   are barred even when actions are filed one day date.  See United
26   States v. Locke, 471 U.S. 84, 101 (1985); Caglia v. Berryhill,
27   No. 1:19-cv-1376-JLT, 2020 WL 897174 at [*2] (E.D. Cal. March 3,
28   2020); Williams v. Commissioner of Social Security, No. 1:17-cv-

0760 -JLT, 2019 WL 1556659 at [*4] (E.D. Cal. Apr. 10, 2019).

Moreover, "[i]t should not be forgotten that time-limitations provisions themselves promote[] important interests; 'the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones.'" Delaware State College v. Ricks, 449 U.S. 250, 259–60 (1980) (quoting Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 464 (1975)).

     Thus, the Court finds that the red-tagging on May 17, 2022 was the operative constitutional violation and that the statute of limitations ended two-years later on May 17, 2024.  Because May 17, 2024 fell on a Friday and did not fall on a weekend or holiday, Plaintiffs' arguments regarding Fed. R. Civ. Pro. Rule 6(a) are inapplicable.  Accordingly, the Court dismisses with prejudice Plaintiffs' claims as untimely.

                         III.   ORDER

     For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss WITH PREJUDICE.  The Clerk of the Court is directed to close this case.

     Additionally, the Court imposes a $550 sanction on Plaintiffs' counsel for violations of the specified page limits for memoranda of law in support of or opposition to motions and a $200 sanction on Defendants Anderson Fire Protection District and Steven Allred's counsel pursuant to the Order Regarding Filing Requirements, ECF No. 8-2.  Counsel shall pay these sanctions to the clerk of the Court within five (5) days of this Order.  Under the same filing requirements, Plaintiffs' additional reply

1    briefs, ECF Nos. 34 and 35, are also stricken.

2         IT IS SO ORDERED.

3    Dated:  Dated:  December 20, 2024

4

5    _____

6    JOHN A. MENDEZ
     SENIOR UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28